No. 24-2882

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

EPIC SYSTEMS CORPORATION,
*Plaintiff-Appellant,*

v.

TATA CONSULTANCY SERVICES LIMITED & TATA AMERICA INTERNATIONAL
CORPORATION (dba TCS AMERICA),
*Defendants-Appellees.*

Appeal from the United States District Court for the
Western District of Wisconsin, No. 3:14-cv-00748 (Conley, J.)

**DOCKETING STATEMENT OF EPIC SYSTEMS CORPORATION**

Plaintiff-Appellant Epic Systems Corporation ("Epic") submits its Docketing Statement in accordance with Seventh Circuit Rule 3(c)(1).

**STATEMENT CONCERNING DISTRICT COURT'S JURISDICTION**

The United States District Court for the Western District of Wisconsin exercised subject-matter jurisdiction over this case in accordance with 28 U.S.C. §§ 1331 and 1332.

The district court had subject-matter jurisdiction under 28 U.S.C. § 1331 over Epic's claim under the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030. It had supplemental jurisdiction over Epic's state-law claims pursuant to 28 U.S.C. § 1367, because those claims were so related to the federal-law claim that they formed part of the same case or controversy.

The district court had subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 over the counterclaims filed by Tata Consultancy Services Limited and Tata America International Corporation (dba TCS America) (collectively, "TCS") under the Sherman Act, 15 U.S.C. §§ 1 and

2.  It had supplemental jurisdiction over TCS's state-law claims under 28 U.S.C. § 1367 because those claims were so related to TCS's federal-law claims that they formed part of the same case or controversy.

The district court also had subject-matter jurisdiction over all claims and counterclaims pursuant to 28 U.S.C. § 1332(a)(3).  The amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute arises between citizens of different states, and a citizen of a foreign state is an additional party.

- Epic, a Wisconsin corporation with its principal place of business in Verona, Wisconsin, is a citizen of Wisconsin.

- Tata America International Corporation (dba TCS America), a New York corporation with its principal place of business in New York, New York, is a citizen of New York.

- Tata Consultancy Services Limited is organized as an Indian company under the Indian Companies Act, as amended by the Companies Act, 2013 and is equivalent to a U.S. corporation for purposes of assessing diversity jurisdiction. Its shares are publicly traded on the National Stock Exchange and the Bombay Stock Exchange, both in India, and it is managed by a Board of Directors elected by its shareholders. Its shareholders do not directly manage the company and are liable only for agreed capital contributions. Because Tata Consultancy Services Limited has the attributes of a U.S. corporation and its principal place of business is in Mumbai, India, it is a citizen of India for purposes of § 1332(a).

### STATEMENT CONCERNING APPELLATE JURISDICTION

The United States Court of Appeals for the Seventh Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

On remand from the second appeal in this case, Epic was entitled to collect the punitive damage award and post-judgment interest from the date of the judgment until the date it was paid. 28 U.S.C. § 1961(b) & (c). After TCS paid the punitive damage award, the only issue was the date on which post-judgment interest should begin to run. The parties were unable to agree on that date. Epic asked the Court to resolve the dispute. Dkt. 1057.

On September 23, 2024, the district court agreed with TCS and held that post-judgment interest ran from the date of the amended judgment on July 12, 2022. Dkt. 1065. Epic had instead contended that the interest should begin to run on October 3, 2017. Dkts. 1057, 1063.

The Court's order adjudicated all remaining claims and the rights and obligations of all remaining parties in the case.

## STATEMENT CONCERNING THE ISSUE IN THIS APPEAL

Did the district court err in determining that post-judgment interest began to run from the amended judgment entered on July 12, 2022, as TCS contends, rather than the original judgment entered on October 3, 2017, as Epic contends?

## STATEMENT CONCERNING PRIOR PROCEEDINGS

This appeal arises out of litigation between Epic and TCS regarding TCS's theft of Epic's trade secrets. *Epic Systems Corp. v. Tata Consultancy Servs. Ltd.,* 980 F.3d 1117, 1123 (7th Cir. 2020) ("*Epic I*"). At trial, the jury awarded substantial compensatory and punitive damages to Epic. On post-trial motions, the district court reduced the jury's verdict and entered judgment on those awards. The jury's verdict and the district court's judgment spawned two appeals.

1. *Epic I*. TCS appealed the judgment entered on the jury's verdict. (Seventh Cir. No. 19-1528.) Epic cross-appealed an aspect of the district court's ruling on the post-trial motion. (Seventh Cir. No. 19-1613.) This Court agreed that Epic was entitled to compensatory damages

3

of $140 million and that Epic was entitled to receive punitive damages.  As to the amount of

punitive damage, this Court held that the district court's award of $280 million in punitive

damages was too high under the due process clause.  The Court directed that punitive damages

not exceed $140 million.  It vacated the original judgment and remanded for further

consideration of punitive damages.  *Epic I,* 980 F.3d at 1123.

2.  *Epic II*.  On remand, the district court entered a $140 million punitive damage

judgment. TCS again appealed.  (Seventh Cir. No. 22-2420.)  It contended that the punitive

damage award was improper.  This Court affirmed the district court's award of $140 million of

punitive damages. *Epic Systems Corp. v. Tata Consultancy Servs. Ltd.,* No. 22-2420 (7th Cir.

2023) ("*Epic II*").

On remand, Epic asked the district court to decide the one remaining issue: the amount of

post-judgment interest due to Epic on the award of punitive damages.  Epic argued post

judgment interest should run from the date of the original judgment.  TCS argued the post

judgment interest should run from the date of the amended judgment.  The district court agreed

with TCS.  This appeal follows.

There are no other proceedings between the parties in the district court or in this Court.

Respectfully submitted

EPIC SYSTEMS CORPORATION

By /s/ Michael T. Brody_____
        One of Its Attorneys

4

Nick Saros
JENNER & BLOCK LLP
515 South Flower Street
Los Angeles, CA 90071
(213) 239-5100
nsaros@jenner.com

Michael T. Brody
   *Counsel of Record*
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
(312) 222-9350
mbrody@jenner.com

Kristin G. Noel
QUARLES & BRADY LLP
33 East Main Street
Madison, WI 53703
(608) 251-5000
kristin.noel@quarles.com

*Attorneys for Plaintiff-Appellant*
*Epic Systems Corporation*

Dated: October 30, 2024

**CERTIFICATE OF SERVICE**

I, Michael T. Brody, an attorney, hereby certify that on October 30, 2024, I caused the **Docketing Statement of Epic Systems Corporation** to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system, in addition I certify that a copy of this document will be sent to counsel listed below by electronic mail to the email addresses designated by counsel:

Robert N. Hochman
Neil H. Conrad
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
rhochman@sidley.com
nconrad@sidely.com

      /s/ Michael T. Brody
      Michael T. Brody